**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street, NW, Suite 240 Washington, D.C. 20036 | ) ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action # |
| U.S. DEPARTMENT OF LABOR, 200 Constitution Ave., NW Washington, D.C. 20210 | ) ) ) ) ) **COMPLAINT** ) |
| Defendant. | ) |

**PRELIMINARY STATEMENT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.,* as amended, in order to compel the Department of Labor ("DOL") to disclose records wrongfully withheld after a FOIA request and a subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

2. Plaintiff Public Employees for Environmental Responsibility is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government.

3. On June 4, 2012, Plaintiff submitted a FOIA request requesting Occupational Safety and Health Administration (OSHA) documents pertaining to inspection activities where

analytical measurements of a particular substance were reported. Plantiff received no letter of acknowledgment from OSHA, but did receive a series of emails from OSHA stating that it would be withholding the encrypted Compliance Health & Safety Officer Identification Number (CHSO_ID). On July 27, 2012, OSHA sent a FOIA close-out letter to Plaintiff along with a paper print-out of the database, minus the CHSO_ID field.

4.  On August 6, 2012, Plaintiff appealed Defendant's partial constructive denial of its FOIA request to the Solicitor of Labor. On September 6, 2012, the Defendant sent Plaintiff a letter acknowledging "receipt of your letter appealing a denial of information by a Department of Labor official" and that Plaintiff's "appeal is being processed." However, more than twenty business days have passed since Plaintiff filed its appeal and the Defendant, to date, still has not rendered a decision regarding it, in contravention of FOIA, 5 U.S.C. § 552, *et seq.,* as amended. Plaintiff has also not received any further material responsive to its June 4, 2012 request.

5.  Defendant's conduct constitutes a violation of FOIA, and frustrates Plaintiff's efforts to educate the public regarding ongoing activities at OSHA.

6.  Plaintiff seeks a court order requiring Defendant to immediately produce the all of the records sought in its June 4, 2012, FOIA request, as well as all other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

8. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

9. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

10. Venue is properly vested in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), as well as under 28 U.S.C. §1391(e), because a substantial part of the events or omissions giving rise to this cause of action occurred in this district.

## PARTIES

11. Plaintiff Public Employees for Environmental Responsibility (PEER) is a national nonprofit organization with its main office in Washington, D.C., and field offices in California, Colorado, Florida, Massachussets, Arizona, New Jersey and Tennessee.

12. PEER is not a commercial enterprise for the purposes of fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public-interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues, focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

13. Informing the pulic about these important public-policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media, PEER's website (www.peer.org), which receives between 1,000 to 10,000 viewers per day, and its newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

14. Defendant DOL is an agency of the United States, as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA and is denying Plaintiff access to its records in contravention of this federal law.

## STATEMENT OF FACTS

15. On June 4, 2012, Plaintiff submitted a FOIA request requesting Occupational Safety and Health Administration (OSHA) documents pertaining to inspection activities where analytical measurments of a particular substance were reported. Specifically, Plaintiff requested "[a]ll sampling records from the Integrated Management Infromation System (IMIS), and the OSHA Information System (OIS), beginning on or about January 1, 1979 and extending to December 31, 2011. Records would include data from inspections performed by the federal Occupational Safety and Health Administration as well as from inspections performed by State Plan States (Alaska, Arizona, California, Connecticut, Hawaii, Illinois, Indiana, Iowa, Kentucky, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, South Carolina, Tennessee, Utah, Vermont, Virginia, Washington, Wyoming, Puerto Rico, and the Virgin Islands.) Each record should either contain information from all of the fields present in the database, or at least include the information from the following fields:

Field 01 Name: Inspection Number
Field 02 Name: Establishment
Field 03 Name: Street
Field 04 Name: City
Field 05 Name: State
Field 06 Name: Zip
Field 07 Name: SIC
Field 08 Name: NAICS
Field 09 Name: Inspection type
Field 10 Name: Occupational Code

4

Field 11 Name: Analysis Required
Field 12 Name: PEL
Field 13 Name: Adjustable PEL
Field 14 Name: Severity
Field 15 Name: Sample number
Field 16 Name: Sample date
Field 17 Name: IMIS (substance number)
Field 18 Name: Substance name
Field 19 Name: Number exposed
Field 20 Name: Job title
Field 21 Name: Exposure Level
Field 22 Name: Exposure type
Field 23 Name: Sample type
Field 24 Name: Exposure Frequency
Field 25 Name: Units of measure
Field 26 Name: Office ID
Field 27 Name: CSHO ID
Field 28 Name: Sample time
Field 29 Name: Sample weight
Field 30 Name: Field number
Field 31 Name: Qualifier"

16. On July 27, 2012, Defendant only partially responded to Plaintiff's FOIA request. The agency provided the redacted database fields on CD, along with a paper print-out of the database, but did not include the CSHO ID numbers (Field 27).

17. In an email, sent to PEER's Executive Director, Jeff Ruch, on June 4, 2012, an OSHA FOIA officer stated that it would not furnish CSHO IDs, as requested by the PEER FOIA, because it believed that "[i]t should be protected under Exemption 7(C)." OSHA provided this information in response to Mr. Ruch's email to OSHA which stated that "if there is a decision to withhold, we would expect someone to formally communicate that decision to us together with the legal basis, so we can challenge it (again)."

18. On August 6, 2012, Plaintiff PEER appealed Defendant's partial constructive denial of its FOIA request to the Solicitor of Labor. Plaintiff argued that OSHA has a legal obligation under FOIA to disclose the requested encrypted identification numbers in the CSHO_ID

field because Exemptions 6 and 7(C) and (E) are inapplicable defenses to OSHA's

withholding of this information.   Plaintiff also stated that there is a strong public interest

in release of the material because the CHSO_ID field adds value to the analysis of

OSHA's dataset regarding workplace exposure to chemicals.

19. Exemption 7(C), the exemption mentioned in OSHA's June 4 email, is inapplicable to

PEER's FOIA request. Under Exemption 7(C), an agency is permitted to withold

"records or information compiled for law enforcement purposes, but only to the extent

that the production of such law enforcement records or information … (C) could

reasonably be expected to constitute an unwarranted invasion of personal privacy…."

Even if it is assumed that that the CSHO IDs are compiled for law enforcement purposes,

their disclosure would not constitute an "unwarranted invasion of personal privacy"

because this information has no invasive impact unless someone has already obtained far

more invasive information – namely, the employee's Social Security Number (SSN).

Without the SSN, the last four digits are meaningless and thus non-invasive. Further, the

agency previously provided PEER with all the OSHA CHSO ID encrypted numbers in

response to an earlier request for the Salt Lake City laboratory exposure data. Although

the agency now claims that this disclosure was a "mistake," it has not explained how the

disclosure of this information would have any further invasive impact.

20. On September 6, 2012, the Defendant sent PEER a letter acknowleding "receipt of your

letter appealing a denial of information by a Department of Labor official" and that

Plaintiff's "appeal is being processed."

21. Defendant has not rendered a decision within twenty business days after the filing of

Plaintiff's appeal, as required under FOIA, 5 U.S.C. § 552(a)(6)(A)(ii)

22. To date, Plaintiff has not received the requested encrypted identification numbers in the CSHO_ID field of the database and Defendant is wrongfully withholding agency records in violation of FOIA, 5 U.S.C. § 552, *et seq.*

23. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request, and now turns to this Court to enforce the remedies and public access to records guaranteed by FOIA.

24. On January 21, 2009, President Barack Obama issued an Executive Memo declaring the following policy: "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears…. All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA."

## CAUSE OF ACTION

### Count I: Violation of the Freedom of Information Act

25. Plaintiff repeats the allegations in paragraphs 1 through 24.

26. Defendant's failure to respond to Plaintiff's FOIA appeal is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

27. Defendant's failure to provide all of the requested information is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

## RELIEF REQUESTED

WHEREFORE, Plantiff respectfully requests and prays that this Court:

i.      Enter an Order declaring that the Defendant has wrongfully withheld the

        requested agency records;

ii.     Issue a permanent injuction directing Defendant to disclose all wrongfully

        withheld documents;

iii.    Maintain jurisdiction over this action until Defendant is in compliance with FOIA,

        the Administrative Procedure Act, and every order of this Court;

iv.     Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

        and

v.      Grant such additional relief to which Plaintiff may be entitled.

Dated: November 6, 2012

                                        Respectfully submitted,


                                        _____/s/_____
                                        Kathryn Douglass, D.C. # 995841
                                        Public Employees for Environmental
                                                        Responsibility
                                        2000 P Street, Suite 240
                                        Washington, D.C. 20036
                                        (202) 265-7337

                                        Attorney for Plaintiff